UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

Michael A. Harris,
  Petitioner,

V.        Case No. 4:17-CR-00348-DGK-2

United States of America,
  Respondent.

## MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO RULE 60(b)

Now Comes, Michael A. Harris, petitioner Pro se, and respectfully moves this Honorable Court pursuant to Rule 60 for Relief From a Judgment or Order.

Consistent with the principles established by the Supreme Court in Haines v. Kerner, 404 U.S. 519, 520 (1972), the petitioner request liberal construction of his pro se pleading.

### RELEVANT PROCEDURAL HISTORY

On October 31, 2017, petitioner Michael A. Harris was charged by indictment with conspiracy to interfere with commerce by robbery contrary to the provisions of Title 18 USC § 1951(a) count one, Aiding and Abetting interference with commerce by robbery as defined in 18 USC 1951 count two, and Aiding and Abetting Brandishing a Firearm contrary to the provisions of Title 18 USC § 924(c)(1)(A)(ii) count 3. On March 12, 2018 Mr. Harris entered into a plea agreement with the government, in which he agreed to plead guilty

to counts one (1) and three (3) of the indictment, which alleged that he was in violation of 18 USC 1951(a), that is, conspiracy to commit Hobbs Act Robbery, count one (1), and that he was in violation of 18 USC § 924(c)(1)(A)(ii) and 18 USC § 2, that is, Aiding and Abetting Brandishing a Firearm in furtherance of a crime of violence, count three (3).

## ARGUMENT AND AUTHORITIES

### STANDARD OF REVIEW

Under Rule 60(b) Relief from a Judgment or Order, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

TIMING AND EFFECT OF THE MOTION.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:

(1) Entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

## ISSUE ONE

Mr. Harris in light of the recent Supreme Court decision in US v. Davis, No. 18-431 (S.Ct. June 24, 2019) is no longer guilty of count three (3) of his indictment and; therefore is being held on an Illegal sentence.

In Davis the US Supreme Court ruled that 924(c) counts that charged conspiracy as a predicate crime of violence could not be upheld because it depended on the residual clause. The Supreme Court ruled that section 924(c)(3)(B) is unconstitutionally vague, citing its decision addressing the residual clauses of the Armed Career Criminal Act and 18 USC 16. Each required judges to use a "Categorical Approach" to determine

whether an offense qualified as a violent felony or crime of violence, disregarding how the defendant actually committed the offense and imagining the degree of risk in an "ordinary case." Section 924(c)(3)(B) required the same categorical approach. This ruling now makes the petitioners charge in count three (3) null and void and in the interest of justice, his 84 months pertaining to that count must be vacated. Justice Gorsuch writing for the majority opinion said it best " A vague law is no law at all, when congress passes a vague law, the role of courts under our constitution is not to fashion a new, clearer law to take its place, but to threat the law as a nullity and invite Congress to try again." Count three (3) of the Indictment charges the petitioner with aiding and abetting Brandishing a Firearm in Furtherance of a crime of violence in violation of 18 USC 924(c)(1)(A)(ii) and USC § 2. Again, 924(c) penalizes the use or carriage of a Firearm in connection with a "crime of violence". Specifically: "Any person who, during and in relation to any crime of violence, shall, in addition to the punishment provide for such crime of violence." This entails that there must be an allegation and some conviction for a crime of violence in order to trigger a 924(c) enhanced sentence for Brandishing a Firearm in furtherance of said crime. With the decision in Davis declaring the residual clause in count one (1) unconstitutionally vague count three (3) of the Indictment no longer has a predicated offense, and cannot stand alone; therefore his sentence of 84 months for Count three (3) must be vacated.

The petitioner's conviction in count three (3) relied on an indictment which is now insufficient in showing a qualifying crime of violence as a predicated offense; therefore the charge in count three (3) is also insufficient.

The petitioner is an untrained and unskilled litigator and because of which did not state or argue

his claim correctly during his § 2255 motion. The petitioner argued for the dissmissal of Count one (1) of the Indictment instead of the dissmissal of Count three (3), as he has attempted to do in this pro se pleading.

In Haines it states that a petitioner should not be held to the same standards as that of a skilled attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The petitioner was contacted by an attorney by the name of Goldsteen after the submisson of his § 2255 motion. The attorney offered to reduce the petitioner's sentence by 84 months, the petitioner declined this offer based on his uncorrect belief that count one (1) of the Indictment instead of count three (3) was effected by the decision in Davis.

The petitioner knows that he is entitled to a sentence reduction of 84 months, based on the decision in Davis, he has argued his claim to the best of his limited ability, but again would like to emphasize that he is an untrained and unskilled litagator, and would like to request that this Honorable Court liberally constru his pro se pleading consistent with the principles established by the US Supreme Court in Haines v. Kerner, 404 U.S. 519, 520 (1972).

## CONCLUSION

Wherefore and in conclusion, for the reasons stated above the petitioner respectfully request that count three (3) of his Indictment be vacated, and that his current sentence be reduced by 84 months to avoid a complete miscarrige of justice.

Respectfully Submitted:

*[signature]*

Michael A. Harris
Reg # 32770-045
Pro se Litigant
Federal Correctional Institution
P.O. Box 1500
El Reno, OK 73036

### CERTIFICATE OF SERVICE

A True and Correct copy of this motion was mailed to the Clerk of the Court, for the Western District of Missouri, Western Division, to serve a copy via, ECF to the Assistant US Attorney of record, on June 01, 2021.

*[signature]*



Michael Harris - 38770045
Federal Correctional Institution
El Reno, OK 73036
P.O. Box 1500

OKLAHOMA C[?]
2 JUN 202[1]

Western District of Missouri
Court Clerk
400 East 9th Street Room 1510
Kansas City, MO 64106

RECEIVED
2021 JUN -7 PM 1:12
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF MO
KANSAS CITY, MO

64106-199955